UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
AMAURIS MUNOZ,

|  |  |
|---|---|
| Plaintiff, | COMPLAINT |
| -against- | Civ. No.  11cv7402 |
| THE CITY OF NEW YORK, POLICE OFFICER ERIC RODRIGUEZ & POLICE OFFICER KENNETH FARRELL, | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| Defendants. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, by his attorneys, GIORDANO LAW OFFICES, LLC, complaining of Defendants respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of police brutality and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about October 31, 2010 when police officers employed by the City of New York used excessive force, viciously attacked, wrongfully detained, arrested and falsely imprisoned plaintiff Amauris Munoz and further maliciously prosecuted plaintiff in New York County, New York.

2. On or about October 31, 2010 at approximately 8:00 a.m., inside the NYC subway system, in the D train Station at the uptown side of 42nd Street at 6th Ave, New York County, New York, Defendant Police Officers Eric Rodriguez ("Rodriguez") and Police Officer Kenneth Farrell ("Farrell"), without probable cause or justification, committed the following acts: Physically assaulted, detained plaintiff, battered plaintiff, subjected plaintiff to an illegal search,

and falsely arrested plaintiff when he was peacefully and lawfully located in a public subway station.

3. Plaintiff fell asleep inside the subway system after spending a Halloween evening out with friends. As Plaintiff was sitting on the subway stairs, Defendants briskly approached him and demanded that he exit the station.

4. Defendants shouted expletives at the plaintiff and continued to demand that he leave the station. Defendants escorted plaintiff up the stairway toward the exit gate. Once near the exit, Defendant Rodriguez forcibly grabbed plaintiff without justification and threw him forcibly to the ground.

5. After Defendant Rodriguez threw plaintiff to the ground, causing him injury and substantial pain, he then picked plaintiff up like a ragdoll and threw him threw the exit gate and down on the floor again severely injuring plaintiff. That portion of the assault and battery and unlawful seizure of plaintiff's person was captured by the subway video surveillance tape. Defendant Farrell stood idly by and failed to intervene in the unjustified attack by his partner.

6. Thereafter, and without probable cause, Defendants searched plaintiff's pockets without probable cause and found a small bag of marijuana on his person. Defendants then caused criminal charges to be filed against plaintiff Amauris Munoz in New York County Criminal Court, and continued prosecution upon such charges until such charges were ultimately dismissed in plaintiff's favor.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under 42 U.S.C. §1983, and the First, Fourth, and Fourteenth amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28

U.S.C. §1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because defendant City of New York resides in the District. Additionally, all defendants are subject to personal jurisdiction in this District.

9. Prior to the commencement of this action, and within ninety days after the instant claim arose, plaintiff caused Notices of Claim in writing to be served upon the defendant CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of the plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable. Over thirty days have elapsed since the service of such Notices of Claim and the City has failed to settle or adjust this matter

10. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

11. At all relevant times, plaintiff was a resident of New York County, New York.

12. At all times relevant hereto, defendant Police Officers Rodriguez and Farrell acted in their official capacities, and were employees, agents, or servants of the defendants THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. §1983.

13. Defendant the CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times,

defendant the CITY OF NEW YORK acted through their employees, agents and/or servants, including the individually named defendants herein, who at all relevant times acted within the course and scope of their employment.

14.  The limitations on liability set forth in CPLR 1601 do not apply to this action.

15.  The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST POLICE OFFICERS ERIC RODRIGUEZ AND KENNETH FARRELL AND THE CITY OF NEW YORK

16.  Plaintiff repeats, reiterates and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

17.  On or about October 31, 2010, defendant Police Officers Eric Rodriguez and Kenneth Farrell acted intentionally, without justification and with deliberate indifference to the rights, life and liberty of plaintiff by physically attacking, brutalizing, assaulting, battering and searching plaintiff without justification or probable cause.

18.  As a result of the aforementioned occurrence, defendants, acting under color of state law, violated 42 U.S.C. §1983 and deprived plaintiff Amauris Munoz of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

19. As a result of the foregoing, plaintiff Amauris Munoz sustained grievous bodily injury, loss of liberty, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

20. As a result of the foregoing, plaintiff Amauris Munoz demands monetary damages against Police Officers Eric Rodriguez and Kenneth Farrell and the CITY OF NEW YORK and are further seeking punitive damages against the above named individual police officers in an amount to be determined by a jury.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST POLICE OFFICERS ERIC RODRIGUEZ AND KENNETH FARRELL AND THE CITY OF NEW YORK

21. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

22. On or about October 31, 2010 defendant Police Officers Eric Rodriguez and Kenneth Farrell acting intentionally, falsely arrested and maliciously prosecuted plaintiff without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against plaintiff Amauris Munoz, who was criminally prosecuted until such charges were dismissed and terminated in his favor.

23. As a result of the aforementioned occurrence, defendants, acting under color of state law, violated 42 U.S.C. §1983 and deprived plaintiff, Amauris Munoz of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

24. As a result of the foregoing, plaintiff Amauris Munoz was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

25. As a result of the foregoing, plaintiff Amauris Munoz demands monetary damages against Police Officers Eric Rodriguez and Kenneth Farrell and the CITY OF NEW YORK and are further seeking punitive damages against the above named individual police officers in an amount to be determined by a jury.

### AS AND FOR A THIRD "MONELL" CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFFS AGAINST THE CITY OF NEW YORK

26. Plaintiff repeats and reiterates each and every allegation contained in the preceeding paragraphs as if fully set forth herein.

27. The aforesaid stop, detention, assault, battery and arrest and other conduct was occasioned and conducted pursuant to the unconstitutional practices and policies of defendant the City of New York.

28. As a result of the foregoing, defendants, in violation of 42 U.S.C. §1983 thereby deprived plaintiff of rights secured by the Constitution and laws of the United States, including the fourth fifth, sixth and fourteenth amendments and the Constitution and laws of the State of New York.

29. As a result of the foregoing, plaintiff was caused to suffer grevious bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

30. As a result of the foregoing, plaintiffs demand monetary damages against Police the CITY OF NEW YORK in an amount to be determined by a jury.

## AS AND FOR A FOURTH CLAIM FOR ASSAULT AND BATTERY BY PLAINTIFF AGAINST POLICE OFFICERS ERIC RODRIGUEZ AND KENNETH FARRELL AND THE CITY OF NEW YORK

31. Plaintiff repeats and reiterates each and every allegation contained in the preceeding paragraphs as if fully set forth herein.

32. As a result of the foregoing, defendants intentionally placed plaintiff in apprehension of imminent harmful contact and defendants, in a hostile manner, and without the consent of plaintiff, intentionally caused harmful bodily contact with plaintiff as described herein.

33. As a result of the foregoing, plaintiff was caused to suffer grievous bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

34. As a result of the foregoing, plaintiff demands monetary damages against defendant Police Officers Eric Rodriguez and Kenneth Farrell and the CITY OF NEW YORK and are further seeking punitive damages against the above named individual police officers in an amount to be determined by a jury.

35. As a result of the aforementioned, plaintiff Amauris Munoz sustained severe and serious personal injuries and other consequential damages.

36. As a result of the foregoing, plaintiff Amauris Munoz has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## AS AND FOR A FIFTH CLAIM FOR FALSE ARREST & MALCIOUS PROSECUTION BY PLAINTIFF AGAINST POLICE OFFICERS ERIC RODRIGUEZ AND KENNETH FARRELL AND THE CITY OF NEW YORK

37. Plaintiff repeats and reiterates each and every allegation contained in the preceeding paragraphs as if fully set forth herein.

38. On or about October 31, 2010 defendant Police Officers Eric Rodriguez and Kenneth Farrell acting intentionally, falsely arrested and maliciously prosecuted plaintiff without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against plaintiff Amauris Munoz, who was criminally prosecuted until such charges were dismissed and terminated in his favor.

39. As a result of the aforementioned occurrence, defendants, acting under color of state law, violated 42 U.S.C. §1983 and deprived plaintiff, Amauris Munoz of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

40. As a result of the foregoing, plaintiff Amauris Munoz was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

41. As a result of the foregoing, plaintiff Amauris Munoz demands monetary damages against Police Officers Eric Rodriguez and Kenneth Farrell and the CITY OF NEW YORK and are further seeking punitive damages against the above named individual police officers in an amount to be determined by a jury.

## AS AND FOR A SIXTH CLAIM OF NEGLIGENT HIRING AND TRAINING

42. Plaintiff repeats and reiterates each and every allegation contained in the preceeding paragraphs as if fully set forth herein.

43. The aforementioned occurrence took place by reason of the negligence of the City, its agents, servants and/or employees, including various police officers regarding the hiring, retention, supervision and disciplining of the defendant police officers.

44. As a result of the foregoing, plaintiff Amauris Munoz sustained severe and serious personal injuries and other consequential damages.

45. As a result of the foregoing, plaintiff Amauris Munoz demands monetary damages against Police Officers Eric Rodriguez and Kenneth Farrell and the CITY OF NEW YORK and are further seeking punitive damages against the above named individual police officers in an amount to be determined by a jury.

**WHEREFORE**, demand judgment against defendant on each of the aforementioned Causes of Action in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought, together with the costs and disbursements of this action.

Dated: New York, New York
October 17, 2011

GIORDANO LAW OFFICES, LLC.

By: _____
Carmen S. Giordano
Attorney for Plaintiff
226 Lenox Ave.
New York, New York 10027
212-406-9466