```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
AMAURIS MUNOZ,                                                          :
                                                                        :
                            Plaintiff,                                  :     11 Civ. 7402 (JMF)
                                                                        :
             -v-                                                        :     MEMORANDUM OPINION
                                                                        :          AND ORDER
CITY OF NEW YORK et al.,                                                :
                                                                        :
                            Defendants.                                 :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  Defendant Eric Rodriguez, a New York City police officer, moves for (1) a protective order requiring Plaintiff's counsel to remove a video of the incident underlying this case from the Internet and to refrain from further dissemination of "discovery material"; and (2) a gag order on all parties. To the extent that Defendant seeks an order requiring the removal of the first version of the video, with text commentary, the motion is moot as Plaintiff's counsel removed it from the Internet on March 28, 2013. (Pl.'s Mem. Opp'n ¶ 6). To the extent that Defendant seeks an order requiring the removal of the second version of the video and limiting counsel's speech, the motion is without merit.

  First, Rule 26(c) of the Federal Rules of Civil Procedure — the sole proffered basis for Defendant's request for a protective order — does not apply to the video at issue, as Plaintiff's counsel obtained it pursuant to a request under New York's Freedom of Information Law, not through discovery. (Pl.'s Mem. Opp'n ¶ 4). *See, e.g.*, *Dorsett v. Cnty. of Nassau*, -- F.R.D. --, No. 10 Civ. 1258 (ADS)(AKT), 2012 WL 5931705, at *20 (E.D.N.Y. Nov. 26, 2012) (describing "the well-settled rule that federal courts lack authority under Rule 26 to issue protective orders that restrict the use of material obtained by a litigant outside of the judicial process").

Second, to the extent that Defendant relies on Rule 3.6 of the New York State Rules of Professional Conduct, he has failed to show that posting the video — which merely depicts the incident underlying this case (albeit with slightly menacing music) and, as of April 17, 2013, had apparently been viewed only thirty times (Pl.'s Mem. Opp'n ¶ 19) — presents a "substantial likelihood of materially prejudicing" an impartial trial in this case (which would occur, at the earliest, in September of this year). N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (Rule 3.6); *cf. Jane Doe No. 1 v. Zeder*, 782 N.Y.S.2d 349, 354 (Sup. Ct. 2004) (declining to issue a gag order based on the predecessor to Rule 3.6 where the moving party failed to show a substantial risk of prejudicing an impartial trial).  Additionally, the appropriate remedy for any violation of Rule 3.6 is a disciplinary complaint, not a protective order in this case.  *See, e.g.*, *S.E.C. v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2006 WL 2793149, at *6 (D. Colo. Sept. 27, 2006); *United States v. Corbin*, 620 F. Supp. 2d 400, 408 (E.D.N.Y. 2009); *Zeder*, 782 N.Y.S.2d at 354.

Finally, there is no need for a protective order, let alone a gag order, given the far less restrictive means of addressing any prejudice that might arise from the video, the most obvious of which is searching voir dire at the time of trial. *See, e.g.*, *Application of Dow Jones & Co., Inc.*, 842 F.2d 603, 611 (2d Cir. 1988) (noting that, before a court enters "an injunction against speech," it must "explore whether other available remedies," including "searching voir dire," would "effectively mitigate the prejudicial publicity"); *see also, e.g.*, *Constand v. Cosby*, 229 F.R.D. 472, 475 (E.D. Pa. 2005) ("Given the First Amendment implications of a sweeping gag order, . . . limiting speech by parties and witnesses, particularly in a civil case and this early in the proceeding, is not to be likely undertaken.").

All of that said, pursuant to the Federal Rules of Civil Procedure and its inherent authority, this Court has the power to enter prophylactic orders that will protect parties' right to a fair trial.  *See Constand*, 229 F.R.D. at 477-78.  Accordingly, and in light of the circumstances in this case, the Court

hereby adopts Rule 3.6 as an order of the Court applicable to all counsel of record. *See id.* Going forward, therefore, any breach of Rule 3.6 may be punished as a violation of this Court's orders under Rule 16(f) of the Federal Rules of Civil Procedure or under the Court's inherent power, and the Court "may impose monetary sanctions, order referral to the [New York] Disciplinary Board, . . . or enter such other orders which are just under the circumstances." *Id.* at 478.

For these reasons, Rodriguez's motion (in which the City of New York joined) is DENIED, but the Court adopts Rule 3.6 of the New York Rules of Professional Conduct as an order of the Court. The Clerk of Court is directed to close Docket No. 21.

SO ORDERED.

Dated: May 10, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge